UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

EARL FOY, JR.,

    Plaintiff,

v.

CARRIE CUNNAGIN,

    Defendant.

Civil Action No. 6: 22-163-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On September 17, 2021, inmate Earl Foy filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) regarding medical care provided by Dr. Carrie Cunnagin at the federal prison in Pine Knot, Kentucky. [R. 1] Following a transfer of venue to this Court, *see* [R. 35], Cunnagin filed a motion to dismiss Foy's complaint or to grant summary judgment in her favor. [R. 41] The Court-ordered deadline for Foy to address Cunnagin's contentions has come and gone without response. *See* [R. 40, 43]

The Court previously cautioned Foy that such an omission could result in either dismissal of his case for failure to prosecute pursuant to Civil Rule 41(b), *see Bowles v. City of Cleveland*, 129 F. App'x 239, 241-42 (6th Cir. 2005), or treatment of his silence as a concession that Cunnagin's characterization of the evidence is correct, *see Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404, 410 (6th Cir. 1992). Even without any contradiction by Foy, it is readily apparent that his claims are time barred. The Court will therefore grant Cunnagin's motion and dismiss Foy's complaint with prejudice.

In his complaint, Foy states without explanation that Dr. Cunnagin subjected him to cruel and unusual punishment and exhibited deliberate indifference to his medical needs. [R. 1 at 7] The only facts Foy offers in support of this conclusion is that Cunnagin "refused to provide medical treatment for a serious and disabling medical problem or to recommend surgery. This occurred from 2018 to 2019." *Id*. at 8. Foy states only that the medical condition at issue relates to "back problems." *Id*. at 9.[1]

Cunnagin moves to dismiss this action on the grounds that Foy failed to properly exhaust his administrative remedies and then filed his complaint after the statute of limitations had expired. [R. 41-1 at 3-8] The Court agrees on both counts. Cunnagin correctly notes that Foy himself alleges that the medical care about which complains "occurred from 2018 to 2019." *See* [R. 1 at 8] Applicable regulations required Foy to file a grievance within 20 days after the events at issue. 28 C.F.R. § 542.14(a). Foy, who alleged that medical malpractice occurred on November 21, 2018, did not file grievances on the subject until 18 months later in August 2020. [R. 41-2 at 4] The BOP rejected all three of the grievances Foy filed with the warden on the matter as untimely. *Id*. Foy was required to file any appeal from those rejections within 20 days, 28 C.F.R. § 542.15(a), but he waited two months to file his first appeal and three months to file his second. [R. 41-2 at 4] Both were rejected by the regional office as untimely. *Id*. at 4-5. To fully exhaust his administrative remedies (at this point, doing so "properly" was not an option), Foy was required to appeal to the Central Office. Foy made no effort to do so, instead abandoning the grievance process entirely.

---

[1] The Court previously noted that Foy's complaint plainly fails to satisfy the minimum pleading requirements embodied in Civil Rule 8(a). *See* [R. 40 at 2-3] Cunnagin raises that deficiency as an alternative ground for dismissal. *See* [R. 41 at 9-10] In light of its resolution of the exhaustion and limitations defenses, the Court does not reach the argument.

Exhaustion of administrative remedies is required by federal law. 42 U.S.C. § 1997e(a). And "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules …", *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The records filed by Cunnagin establish that Foy filed his initial grievance more than a year too late, filed his appeal long after the deadline to do so had passed, and then failed to appeal to the Central Office at all. This is not proper exhaustion of administrative remedies, and requires (at a minimum) dismissal of the complaint without prejudice. *See Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies.") (*citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)).

But Foy's failure to file suit within the limitations period requires dismissal of the complaint, with prejudice. For civil rights claims arising in Kentucky, the one-year limitations period found in Ky. Rev. Stat. § 413.140(1)(a) applies. *See Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009). A civil rights claim accrues when the plaintiff should have discovered the injury which forms the basis for his claims through the exercise of reasonable diligence. *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015). Medical records filed by Foy indicate longstanding medical issues with his back that predate the care provided by Cunnagin. *See* [R. 28] Foy expressed dissatisfaction with Cunnagin's care as early as November 21, 2018, *see* [R. 28-2], and he continued to experience ongoing back pain notwithstanding pain medication through March 2019, *see* [R. 28-7]. Foy's claims had therefore accrued no later than March 2019, and he was required to file suit by March 2020. Foy did not file suit until September 2021, eighteen months (or more) too late.

3

Of course, the running of the limitations period may be equitably tolled during the period when the plaintiff is satisfying mandatory preconditions to suit; in this case, while exhausting administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). But equitable tolling is equitable, after all, and is therefore granted only if the plaintiff is deserving of the relief provided. To be so, the plaintiff must pursue his rights diligently and point to some impediment that prevented timely filing. *Holland v. Fla.*, 560 U.S. 631, 649 (2010). Where a prisoner fails to promptly pursue administrative remedies in conformity with the prison's rules, equitable tolling may be granted only in part or entirely denied. *Cuco v. Fed. Med. Ctr.*, No. 05-CV-232-KSF, 2006 WL 1635668, *26 (E.D. Ky. 2006), *aff'd and remanded*, 2007 WL 4437958 (6th Cir. 2007); *Gross v. Unknown Dir. of the Bureau of Prisons*, No. 7:08-111-KKC, 2008 WL 2280094, at *4 (E.D. Ky. 2008). Here, Foy made no effort to file inmate grievances regarding his dissatisfaction with Dr. Cunnagin's medical care until more than a year after it had ceased. This is not the diligence required to warrant any measure of equitable tolling. Foy's claims therefore remain time barred, and his complaint must be dismissed with prejudice.

Accordingly, the Court **ORDERS** as follows:

1. Defendant Cunnagin's Motion to Dismiss, or in the Alternative, for Summary Judgment [R. 41] is **GRANTED**.

2. Plaintiff Earl Foy's Complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

3. This matter is **STRICKEN** from the docket.

Entered: November 3, 2022.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY